## JOHN BURNS AND OTHERS v. EDWIN ADAMS AND ANOTHER.[1]

### April 21, 1922.

### No. 22,709.

**Agent's liability for failure to pay land taxes.**

The verdict of the jury and findings of the trial court to the effect that it was defendant's duty to pay the taxes against certain land under his charge and control as agent of the owner, and that by his failure to do so, resulting in a tax title, the owner suffered damage to the extent of the amount paid, in excess of the taxes against the land, to acquire such title, *held* sustained by the evidence.

[1]Reported in 187 N. W. 825.

Action in the district court for Clay county to determine title to certain real estate, and to reform a certain quitclaim deed. The case was tried before Nye, J., and a jury which found that defendant Edwin Adams was negligent in failing to pay the taxes as they became due, that the damage by reason of such negligence was $342.22, and that the amount due to defendant Edwin Adams from the estate of Christopher Burns was $607.78. The court made findings and amended findings adopting findings of the jury and ordered judgment in favor of plaintiff, except for a lien thereon in favor of defendant Edwin Adams for $246.22. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*F. H. Peterson,* for appellants.

*N. I. Johnson,* for respondents.

BROWN, C. J.

In June, 1906, one Christopher Burns was, at least claimed to be, the owner of certain land situated in Clay county, which he had farmed for a number of years. At the time stated he removed to and took up his permanent residence in the state of Montana, where he continued to reside until his death some 15 years later. Soon after so becoming a resident of Montana he employed defendant Edwin Adams to "look after the farm" and to attend to all matters in reference to farming operations thereon, to be conducted through tenants. Thereafter and until about the time of the commencement of this action in May, 1919, defendant had the entire management and control of the property, procuring tenants and entering into contracts with them, receiving the share of the crops belonging to Burns, paying bills incurred, and in all respects exercising general authority in the premises as the agent and representative of Burns. The taxes against the land were not paid for the years 1905, 1906, 1907 and 1908, and one G. H. Wellcome acquired a tax title thereon which was perfected in 1912. On learning thereof defendant procured from the holder a quitclaim deed of the land, thus extinguishing rights under the tax proceedings. The deed

was executed in blank as to grantee, and defendant subsequently inserted the name of Helen Adams, his daughter, as such grantee. It was so executed and delivered in 1912, and recorded in 1917, and took the particular form as to grantee to the end that defendant might hold the land as security for the payment of money paid for the tax title, and other sums due defendant for legal services rendered for Burns in some litigation involving the title to the land.

Burns died some years ago and plaintiffs are his heirs and next of kin and have succeeded to all his rights in and to the matters referred to, and they brought this action in 1919 to determine the title to the land and for other relief. By amendments to the pleadings and the course of the trial, the action finally resolved itself in the main into one for an accounting and settlement with defendant Edwin Adams. Defendant Helen Adams makes no claim of title under the quitclaim deed, and for the purposes of the trial plaintiffs were conceded the owners of the land as the successors of Burns.

Defendant presented on the trial a full and complete account of his stewardship, disclosing therein all money received by him either from Burns or from crops sold, all expenditures in payment of claims arising out of the farm operations, and crediting to himself, in addition to the sums due for services rendered, the amount paid for the Wellcome quitclaim deed. The account met the full approval of the court below, with the exception of the item paid for the Wellcome deed. And his right to credit therefor presents the only question on the appeal.

It was contended by plaintiffs on the trial that it was the duty of defendant, in his capacity as agent and representative of Burns, to pay the taxes for which Wellcome secured the tax title, and that his failure to do so solely occasioned the expense to regain the title, therefore he was not entitled to reimbursement; in other words, that his failure resulted in damage to Burns to the extent of the amount paid, in excess of the taxes against the land, to acquire the adverse tax title. The jury below and also the trial court sustained the contention of plaintiffs in this respect, and found the facts accordingly. Defendant insists in support of the appeal that the findings are not sustained by the evidence.

We have given the record careful attention and reach the conclusion that the evidence is not so clearly against the findings as to justify interference by this court. It would serve no useful purpose to discuss the evidence in the opinion and we refrain. From defendant's viewpoint of the facts, as he understood them, he was justified in giving no attention to the matter of taxes. But the trial court did not adopt his view of the facts, and there the matter must end, for, as stated, the evidence is not clearly against the trial court's conclusion.

This disposes of the appeal. The additional contention made in this court that there was error in the amount of the allowance made to plaintiff, represented by the item of interest, does not seem to have been directly called to the attention of the trial court, and we dispose of the point with the statement that it will not be too late after the cause is remanded to apply to the court below, if there be error in that respect.

The order appealed from is affirmed.